IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BAYWARD STONE,

    Plaintiff,

vs.                                                                                                               Civ. No. 17-658 KG/LF

MICHELLE BOYER,
LIANNE LOPEZ,
M.D. AIRES,
M.D. MARTINEZ, and
M.D. AIMEE

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Prisoner Civil Rights Complaint (Complaint), filed June 20, 2017. (Doc. 1). Also before the Court are Plaintiff's motions asking the Court to grant the requested relief and/or compel Defendants to file answers to the Complaint. (Docs. 7 and 8). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court will deny the motions, dismiss the Complaint without prejudice, and grant leave to amend.

I. Background[1]

In this case, Plaintiff argues four medical providers and one grievance officer at the Penitentiary of New Mexico (PNM) violated his constitutional rights. (Doc. 1) at 3-4. His medical issues date back to at least 2010, when he was diagnosed with degenerative joint disease and osteoarthritis in his right knee. *Id.* at 5. Plaintiff also has a bullet lodged in his left thigh, which causes nerve pain. *Id.*

---

[1] For the limited purpose of this ruling, the Court assumes the allegations in Plaintiff's Complaint are true.

At some point Morales sought medical care from prison physicians Aimee, Aires, Stevens, and Martinez. (Doc. 1) at 5-10. He is dissatisfied with the care he received, although the details are unclear. *Id.* Dr. Aimee suggested Plaintiff was experiencing an anxiety attack, but he disagrees. *Id.* at 13. He further contends he has not received pain medication in the morning since September 2016. *Id.* at 6. Plaintiff is required to complete a "sick call slip" when he wants more pain medication, but those requests often go unanswered. *Id.* at 8-9. The physicians also make Plaintiff explain his issues at each visit even though "they already know [his] medical problems." *Id.* at 9. Plaintiff attempted to exhaust his administrative remedies through an informal grievance, but Grievance Officer Boyer allegedly thwarted his efforts. *Id.* at 15-17.

Plaintiff filed the Complaint on June 20, 2017. The Complaint names Lianna Lopez, PNM's Director of Nursing; M.D. Aires; M.D. Aimee; M.D. Martinez, and Michelle Boyer, PNM's Grievance Officer. (Doc. 1) at 3-4. Plaintiff raises an Eighth Amendment claim for deliberate indifference to medical needs. *Id.* at 22. As an apparent attempt to satisfy the exhaustion requirement, Plaintiff also raises a "claim" that his informal grievance proceeding did not comport with due process requirements. *Id.* at 15. Plaintiff seeks compensatory and punitive damages, plus an injunction ordering Defendants to dispense pain medication and refer him to an outside orthopedic specialist and a neurologist. *Id.* at 27-28.

II. Standards Governing *Sua Sponte* Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall*

2

*v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

III. Discussion

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Plaintiff's complaint does not meet this standard, for two reasons. First, most allegations

3

use the passive voice, and it is unclear how each physician Defendant allegedly provided inadequate care. Grievance Officer Boyer's wrongdoing is also unclear. Plaintiff alleges Boyer returned certain forms to him, but such action, without more, does not evidence a due process violation. To survive initial review, a Section 1983 complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Even if the alleged wrongdoers were more clearly identified, the factual allegations are insufficient to state an Eighth Amendment claim for deliberate indifference to medical needs. To demonstrate deliberate indifference, a medical need must be objectively serious. It must have "been diagnosed by a physician as mandating treatment or … so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). A complaint must also satisfy the subjective component of the test by alleging the defendants "kn[e]w of and disregarded an excessive risk to health or safety." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The allegations here reflect Plaintiff disagrees with medical staff about the proper course of treatment, including his pain medication dosages. However, such differences in opinion do not satisfy the objective prong of the Eighth Amendment test. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("When a prisoner "simply disagrees with medical staff about the course of ... treatment," the "disagreement does not give rise to a claim for deliberate indifference to serious medical needs."); *Todd v. Bigelow*, 497 Fed. App'x. 839, 842 (10th Cir. 2012) (A "difference of opinion with the medical staff as to the optimal pain-management regimen does not amount to deliberate indifference."). Plaintiff has also failed to allege any facts suggesting Defendants consciously

4

disregarded an excessive risk of harm.

For the foregoing reasons, the Court will dismiss the Complaint without prejudice for failure to state a cognizable claim for relief.  The Court will also deny Plaintiff's motions asking the Court to grant the requested relief and/or compel Defendants to file answers.  (Docs. 7 and 8). Plaintiff may file an amended complaint within 30 days of entry of this order.  Any amended complaint should clarify whether Plaintiff intends to file a separate due process claim regarding the grievance process or whether Plaintiff is simply alleging compliance with the exhaustion requirement.  If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable federal claim, the Court will dismiss the case without further notice.

IT IS ORDERED that

1. The Motion for an Order to Show Cause (Doc. 7) and the Motion for an Order Compelling Responses (Doc. 8) are denied.

2. Plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

3. Plaintiff may file an amended complaint within 30 days of entry of this order.

_____
UNITED STATES DISTRICT JUDGE