IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


TONY MORALES, JR.,

    Plaintiff,

vs.                                                                                 Civ. No. 17-658 KG/LF

MICHELLE BOYER,
LIANNE LOPEZ,
M.D. AIRES,
M.D. MARTINEZ, and
M.D. AIMEE

    Defendants.


## MEMORANDUM OPINION AND ORDER

This matter comes before the Court following Plaintiff's failure to file an amended civil rights complaint. Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court will dismiss this action for failure to state a cognizable claim.

Plaintiff filed his original Civil Rights Complaint (Complaint) on June 20, 2017. (Doc. 1). He alleges prison officials failed to provide adequate medical care for his degenerative joint disease, osteoarthritis, and nerve pain. (Doc. 1) at 5-10. The officials allegedly refused to dispense additional pain medication and misdiagnosed him with anxiety issues. *Id.* at 6-13. They also allegedly made Plaintiff explain his issues at each visit even though "they already know [his] medical problems." *Id.* at 9. Plaintiff raises claims for deliberate indifference to medical needs under 42 U.S.C. § 1983 and the Eighth Amendment. *Id.* at 3-13.

By an Amended Memorandum Opinion and Order entered September 25, 2018, the Court

dismissed the Complaint under 28 U.S.C. § 1915(e)(2) for failing to state a cognizable claim. (Doc. 10). The Court identified two critical defects with the original pleading. First, each Defendant's role in the alleged wrongdoing is unclear. *See Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (setting forth pleading standards under Section 1983). Second, the Complaint failed to sufficiently allege Defendants consciously disregarded a serious medical need. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (identifying pleading standards for deliberate indifference to medical needs); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (same).

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), the Court granted Plaintiff thirty days to amend his Complaint to cure the pleading defects. Plaintiff was warned that the failure to timely comply would result in dismissal. Plaintiff did not respond to the Memorandum Opinion and Order. The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

IT IS ORDERED that

1. This action is dismissed with prejudice for failure to state a claim upon which relief can be granted.

2. A separate judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE